IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ARROW ROCK INTERNATIONAL, INC., ) | |
| ) | |
| Plaintiff, ) | Case No. CV05-339-S-EJL |
| ) | |
| vs. ) | MEMORANDUM ORDER |
| ) | |
| DEX MEDIA INC., et al, ) | |
| ) | |
| Defendants. ) | |

Pending before the Court in the above entitled matter is Defendant Wiese Research's motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). The parties have filed their responsive briefing and the matter is ripe for the Court's review. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this motion shall be decided on the record before this Court without oral argument. Local Rule 7.1.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff, Impact Directories ("Impact"), initiated the instant action against Defendants' Dex Media, Inc. ("Dex") and Wiese Research Associates ("Wiese"). As related to this motion, Wiese seeks to dismiss counts one and two alleging violations of the Lanham Act and the Idaho Competition Act. The claims arise from the alleged use and distribution of a flyer by Dex which purported to establish the usage rate of the respective telephone directories based on evidence purportedly obtained and prepared by Wiese at the request of Dex. Salesmen and representatives for Dex used the flyer to persuade advertisers in the Canyon County and Boise areas to purchase Dex Telephone Directories instead of Impact Directories thereby diminishing Impact's advertising

MEMORANDUM ORDER - Page 1
06ORDERS\ARROW

abilities in the area. The complaint alleges the fliers contained false and fraudulent statistics which Dex utilized and manipulated to disparage Impact Directories. In addition, Plaintiff argues Dex has conspired with local hotels to restrict the placement of Impact Directories by offering its directory at a substantially reduced rate for business advertising in exchange for the hotel agreeing to prohibit and not display any other directories in the hotel. As a result, Dex has wrongfully restricted Impact's circulation and availability to travelers and others staying in Boise area hotels. For their part, the complaint alleges that Wiese, at the request of Dex, conducted telephone surveys which did not contain true and accurate information; the results of the survey were then used as the basis for the information printed on the flyer distributed by Dex.

## STANDARD OF LAW

In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." Wyler Summit P'ship v. Turner Broad. Sys., Inc., 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). However, the court does not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations in plaintiff's complaint. See Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994). There is a strong presumption against dismissing an action for failure to state a claim. See Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted). "'The issue is not whether a plaintiff will ultimately prevail but whether [he] is entitled to offer evidence in support of the claims.'" Id. (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), *overruled on other grounds by* Harlow v. Fitzgerald, 457 U.S. 800, 807 (1982)). Consequently, the court should not grant a motion to dismiss "for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, (1957); see also Hicks v. Small, 69 F.3d 967, 969 (9th Cir. 1995). A claim is sufficient if it shows that the plaintiff is entitled to any relief which the court can grant, even if the complaint asserts the wrong legal theory or asks for improper relief. See United States v. Howell, 318 F.2d 162, 166 (9th Cir. 1963).

**DISCUSSION**

1)   Count One - Lanham Act:

Count one of the complaint alleges a violation of Section 43(a) of the Lanham Act which precludes false advertising. "Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), prohibits the use of false designations of origin, false descriptions, and false representations in the advertizing and sale of goods and services." Jack Russell Terrier Network of Northern Ca. v. American Kennel Club, Inc., 407 F.3d 1027, 1037 (9th Cir. 2005) (citation omitted). In order to establish a claim for false advertising under the Lanham Act, 15 U.S.C. § 1125(a)(1)(B), a plaintiff must establish all of the following: 1) in advertisements, defendant made false statements of fact about its own or another's product; 2) those advertisements actually deceived or have the tendency to deceive a substantial segment of their audience; 3) such deception is material, in that it is likely to influence the purchasing decision; 4) defendant caused its falsely advertised goods to enter interstate commerce; and 5) plaintiff has been or is likely to be injured as the result of the foregoing either by direct diversion of sales from itself to defendant, or by lessening of the goodwill which its products enjoy with the buying public. Rice v. Fox Broad. Co., 330 F.3d 1170, 1180 (9th Cir.2003). Here, Wiese asserts the allegedly false advertisement did not enter interstate commerce nor was the survey a commercial advertisement.

   a)   Interstate Commerce:

Wiese contends that the interstate commerce requirement has not been plead in the complaint in this case. Specifically, that there is no allegation that the questioned statements were disseminated in or affected interstate commerce. Impact counters that the facts alleged in the complaint properly inference the interstate nature of the claims. In particular, Impact asserts that both Dex and Wiese are located outside of Idaho and, therefore, the advertising and the research in question here was conducted in Idaho but must have been communicated back to and between the two Defendant entities using facilities of interstate commerce. Additionally, Impact asserts Dex's directory covers commercial entities outside of Idaho and Impact's own directories are published in both Idaho and Washington and include commercial advertisers outside of Idaho.

"The Lanham Act provides civil liability for any person who 'uses in commerce' any false or misleading description or representation of fact which in commercial advertising misrepresents the nature, characteristics, or qualities of any person's services or commercial activities." Highmark, Inc. v. UPMC Health Plan, Inc., 276 F.3d 160, 165 (3rd Cir. 2001); 15 U.S.C. § 1125(a)(1)(B). "The term 'use in commerce' as used in the Lanham Act denotes Congress' authority under the Commerce Clause rather than an intent to limit the [Lanham] Act's application to profit making activity." Planetary Motion, Inc. v. Techsplosion, Inc., 261 F.3d 1188, 1194 (11th Cir. 2001) (citation omitted); U.S. Const., Art. I, § 8, cl. 3. "Because Congress' authority under the Commerce Clause extends to activity that substantially affects interstate commerce, the Lanham Act's definition of commerce is concomitantly broad in scope: all commerce which may lawfully be regulated by Congress." Id. (citing United States v. Lopez, 514 U.S. 549, 559 (1995); Steele v. Bulova Watch Co., 344 U.S. 280, 283-84 (1952); 15 U.S.C. § 1127) (citation and quotations omitted).

Congress's authority under the interstate commerce clause extends even to purely intrastate activity if that activity substantially affects interstate commerce. United States v. Lopez, 514 U.S. 549, 558-59 (1995); Thompson Tank & Mfg. Co., Inc. v. Thompson, 693 F.2d 991, 992-93 (9th Cir. 1982) (stating that the word "commerce" as used in the Lanham Act includes intrastate commerce which affects interstate commerce); see also Stauffer v. Exley, 184 F.2d 962, 966 (9th Cir. 1950) ("[a]n infringement committed in intrastate commerce but affecting interstate commerce could clearly be regulated by Congress and thus would be within the present [Lanham] Act."). It is the statement itself, rather than the falsely advertised goods or services, that must be used in interstate commerce. Southland Sod Farms v. Stover Seed Co., 108 F.3d 1134, 1138 n. 3 (9th Cir. 1997).

The complaint here lists Dex as a Delaware corporation and Wiese as either a Nebraska or Delaware corporation. The first count of the complaint alleges the Defendants actions were done in the "Boise metropolitan area" and related to "hotels in Boise, Idaho." (Dkt. No. 1). The facts of the complaint specify the actions occurred "within the District of Idaho, in particular within Ada and Canyon counties of Idaho..." and relate to the Boise City and Canyon County areas. (Dkt. No. 1). Construing these factual allegations as true, the complaint fails to properly allege or plead the requisite interstate commerce requirement for a Lanham Act cause of action. Impact argues the facts

relating to the interstate commerce requirement "do not have to be set forth with particularity" and "are properly inferenced from the allegations." (Dkt. No. 15). The Court concludes otherwise. Although facts are taken as true and the presumption is against granting motions to dismiss, the complaint does not allege facts implicating interstate commerce nor facts of intrastate commerce which affect interstate commerce. As plead in the complaint, there are not facts upon which Impact can prevail on a Lanham Act cause of action. The failure of Impact to properly allege the interstate commerce element of the Lanham Act claim is fatal. The motion to dismiss is granted as to count one.

Impact requests leave to amend their complaint in the event the Court finds a deficiency in the pleading. Federal Rule of Civil Procedure 15(a) provides that after responsive pleading has been filed, a party may amend their pleading only by leave of the court or written consent of the adverse party. Such leave "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "Liberality in granting a plaintiff leave to amend is subject to the qualification that the amendment not cause undue prejudice to the defendant, is not sought in bad faith, and is not futile. Additionally, the district court may consider the factor of undue delay." Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999) (citation omitted). Having reviewed the pleadings and the parties arguments here, the Court cannot say at this time that allowing Impact to amend its complaint would be futile. Nor would such amended complaint unduly prejudice the Defendants. As such, the Court will grant Impact leave to amend its complaint by filing such amended complaint on or before July 24, 2006.

      b)      <u>Commercial Advertisements</u>:

Wiese also argues that neither the survey nor the reporting of the survey results to Dex constitute commercial advertising as required by the Lanham Act § 43(a)(1)(B). Impact argues that the complaint states viable causes of action under both subsections (A) and (B) of § 43(a)(1) and that Wiese's argument wrongly focuses only on subsection (B). Wiese points out that Impact's complain failed to specify which subsection its Lanham Act claim was brought under.[1] Section 43(a) provides:

---

[1] Although the Court's ruling on the interstate commerce requirement is dispositive of the motion, because the Court has granted Impact leave to amend the complaint the Court addresses this issue as instructive to both parties.

> (1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which–
>
>> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
>>
>> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,
>
> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a). Count one of the complaint begins by stating: "Section 43(a) of the Lanham Act, 15 U.S.C. Section 1125(a) provided any person who in commercial advertising or promotion, misrepresents the nature, characteristic, qualities, or geographic origin of another person's goods, services or commercial activities, shall be liable in a civil action." (Dkt. No. 1). This allegation can only be construed as a claim under § 43(a)(1)(B); not (A). Because subsections (A) and (B) are in the disjunctive and the claim can only be one or the other, not both. Therefore the Court rejects Impact's argument that count one alleges a claim under both subsections.

As to whether the motion to dismiss should be granted to count one claiming a violation of § 43(a)(1)(B), the Ninth Circuit has held that statements constitute commercial advertising if they are:

> 1) commercial speech; 2) by a defendant who is in commercial competition with plaintiff; 3) for the purpose of influencing consumers to buy defendant's goods or services. While the representations need not be made in a 'classic advertising campaign,' but may consist instead of more informal types of 'promotion,' the representations 4) must be disseminated sufficiently to the relevant purchasing public to constitute 'advertising' or 'promotion' within that industry.

Rice, 330 F.3d at 1181 (citation omitted). Here, the complaint alleges Wiese acted at the direction of Dex or in concert with Dex to conducting a false and fraudulent survey which Dex then used in a commercial manner and advertisement to persuade customers to advertise with Dex instead of Impact. Count one also alleges the flyer "is deceptive or would have a tendency to deceive a substantial segment of the audience...." (Dkt. No. 1). Wiese's argument is that its own act of conducting the survey and giving the results to Dex alone are not commercial advertising. While

MEMORANDUM ORDER - Page 6
06ORDERS\ARROW

this may be true, the allegation of the complaint is that the actions of Wiese and Dex together constitute the alleged violating commercial speech.  Wiese maintains that the lone allegation of a conspiracy between Wiese and Dex is insufficient to state a cause of action and therefore the claim should be dismissed.  In response, Impact contends that Wiese participated in a commercial advertisement whereby it provided the false and fraudulent facts from its survey to Dex which Wiese knew would be used in a commercial advertisement in a false and misleading way.  Impact also points out that the relationship between Wiese and Dex is unknown at this stage and to speculate about the parties agreement and knowledge would require findings of fact which are improper on this motion.

Having reviewed the parties' arguments and the record herein, the Court agrees with Wiese that count one alleges a violation of § 43(a)(1)(B).  As to whether or not the commercial advertisement element has been plead, the Court finds that the complaint has alleged facts which, if true, could state a cause of action under the Lanham Act.  Although the Court has determined this element survives the motion, because the complaint on this element is not entirely clear, Impact would be wise to clarify its claims if it so chooses when filing any amended complaint.

2)      Count Two - Idaho Competition Act :

Count two of the complaint alleges violation of the Idaho Competition Act, Idaho Code § 48-101 *et seq.*, in that the Defendants activities have caused an unreasonable restraint of Idaho commerce whereby Impact was injured.  In particular the claim alleges Dex required hotels in Boise to prohibit other directories from being made available to the general public.  Wiese argues the alleged conspiracy is conclusory and without supporting facts and, thus, insufficient to properly state a claim under the Idaho Competition Act.  Moreover, Wiese contends the survey itself is not and cannot amount to an unreasonable restraint on Idaho commerce because the survey was completed solely for Dex and alone does not restrain commerce nor was the survey predatory in nature.  Impact maintains it has properly raised a claim that the Defendants' actions constitute a contract or conspiracy resulting in a restraint on free trade within Idaho.

The Idaho Competition Act, Idaho Code §§ 48-104 and 105, generally "prohibit contracts restraining Idaho commerce and forbid monopolies." Plummer v. City of Fruitland, 89 P.3d 841,

846 (Idaho 2003), on rehearing Plummer v. City of Fruitland, 87 P.3d 297 (Idaho 2004). As alleged in this case, § 48-104 states: "A contract, combination, or conspiracy between two (2) or more persons in unreasonable restraint of Idaho commerce is unlawful." The Idaho Competition Act is interpreted coextensively with the Sherman Antitrust Act. See State v. Daicel Chemical Indus., Ltd., 106 P.2d 428, 432 (Idaho 2005). Typically, in order to maintain an action for restraint of trade a claimant must assert "(1) that there was a contract, combination, or conspiracy, i.e., an agreement or concerted action toward a common goal, (2) that the agreement 'unreasonably' restrains trade, under either a per se rule of illegality or a rule of reason analysis, and (3) that the restraint affected interstate commerce." T.W. Elec. Serv., Inc. V. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 632-33 (9th Cir. 1987) (applying section 1 of the Sherman Antitrust Act) (internal citations omitted); see also County of Tuolumne v. Sonor Cmty. Hosp., 236 F.3d 1148, 1157 (9th Cir. 2001).

The complaint here generally alleges: "The Defendants combined activities have caused a unreasonable restraint of Idaho commerce" and "Dex Media's act of requiring hotels in Boise, Idaho to prohibit other directories from being made available to the general public is a violation of the Idaho Competition Act." (Dkt. No. 1, p. 8).[2] The response brief notes that the complaint alleges a conspiracy between Wiese and Dex to restrain trade whereby Wiese acted at the direction of Dex to conduct a false and fraudulent survey which Dex then used to persuade advertisers to not buy from Impact or diminish their advertising with Impact. As stated previously, "dismissal for failure to state a claim is appropriate where the complaint states no set of facts which, if true, would constitute an antitrust offense, notwithstanding its conclusory language regarding the elimination of competition and improper purpose." Smilecare Dental Group v. Delta Dental Plan of California, Inc., 88 F.3d 780, 783 (9th Cir. 1996) (citations and quotations omitted). "In an antitrust action, the complaint need only allege sufficient facts from which the court can discern the elements of an injury resulting from an act forbidden by the antitrust laws." Newman v. Universal Pictures, 813 F.2d 1519, 1522 (9th Cir. 1987). Thus, under Fed.R.Civ.P. 12(b)(6), the Court can properly dismiss Counts One and Two for failure to state a claim for relief "only if it is clear that no relief could be

---

[2] Though the declaratory judgment claim states a violation of the United States Constitution, the prayer for relief seeks declaratory judgment stating violations of the Idaho Competition Act and Idaho Consumer Protection Act.

granted under any set of facts that could be proved consistent with [its] allegations." Id. at 1521-22 (citation omitted). Here, the Court cannot say that there is no set of facts that could be proven consistent with the allegations in the complaint that would provide Plaintiff relief under the Idaho Competition Act. Whether or not Plaintiff can survive a later motion for summary judgment is a different question. Accordingly, the motion to dismiss count two is denied.

## ORDER

Based on the foregoing and being fully advised in the premises, the Court **HEREBY ORDERS** that Defendants' Motion to Dismiss (Docket No. 7) is **GRANTED IN PART AND DENIED IN PART**. Plaintiff is granted leave to amend their complaint. Plaintiff shall file such amended complaint on or before July 24, 2006.

DATED: **June 28, 2006**

Honorable Edward J. Lodge
U. S. District Judge